DARR *v.* POPE COUNTY.

Opinion delivered May 3, 1920.

TAXATION—OWNERSHIP OF COTTON.—On a petition to be relieved from an assessment by one who was executor of an estate and who purchased cotton with money borrowed from a bank under an arrangement that funds of the estate on deposit with the bank should guaranty it against loss, *held* that a finding that the cotton belonged to and was assessable against the executor individually, and not against the estate, was warranted.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*E. A. Williams,* for appellant.

The testimony is undisputed that the funds invested in this cotton belonged to the estate of E. A. Darr, and the cotton was assessed against the estate, and it would be double taxation to tax the cotton and the money drawn from the bank. 73 Ark. 515.

*Heartsill Ragon,* for appellee.

The assessment of the cotton was in no respect double taxation. The assessor could not be justified in placing this cotton on the personal property list owned by the Darr estate. The cotton was bought and owned by appellant, and it was properly assessed to him.

WOOD, J. The appellant, as executor of the estate of E. A. Darr, deceased, deposited the funds of that estate in the Bank of Atkins; such funds were on deposit during the years of 1918-1919. During the cotton season of 1918 and 1919, appellant bought cotton in the town of Atkins. By special arrangement with the bank, and with the sanction of the Bank Commissioner, he drew funds from the bank with which to buy cotton and opened an account with the bank in his name called the "cotton ac-

count.'' He checked against this account for the funds with which to buy cotton. The understanding with the bank was that any funds which he drew out on his cotton account would be replaced by the funds of the estate.

The president, who was also cashier of the bank, testified that the E. A. Darr account was to offset any interest. The bank did not charge Ira Darr any interest because the amount that was on deposit to the credit of E. A. Darr estate would eliminate any interest. It was a loan to Ira Darr, but the interest feature was waived. The bank realized that the E. A. Darr estate had more than enough funds on the average to correspond to any account that Mr. Darr was running on his cotton account.

The appellant testified that he borrowed money with which to buy cotton from the E. A. Darr estate. He did not give the estate a note, but he had the cotton. The money was there in the bank, and he put the money in cotton. He figured that it was a loan from the estate. If it were a loss, he would have to put up, if it were a gain, it belonged to him. Appellant had no funds of his own invested in cotton. He simply took the funds belonging to the estate, just lying there idle and used them to buy cotton. Appellant figured that the only interest he had in it was the profit. When he assessed the Darr estate, he assessed the money in the bank and he had that money invested in cotton. He assessed the Darr estate at its full value.

On cross-examination appellant testified that he never drew a penny out of the Darr estate's money. He had a cotton account. He went to the bank and guaranteed the bank that the Darr estate funds protected the cotton. The assessor would not let the appellant make out a personal assessment list unless he would assess the cotton and appellant refused to assess the cotton. Appellant had property subject to assessment aside from the cotton of about $1,500. When appellant assessed the Darr estate, he did not assess any cotton but assessed the money that was put in the cotton.

The county assessor and township board assessed the cotton in controversy against the appellant. Appellant petitioned the county court to relieve him of such assessment, which the county court refused to do. He appealed to the circuit court, and the circuit court entered a judgment affirming the judgment of the county court except to reduce the assessment. From that judgment is this appeal.

There was testimony sufficient to warrant the finding and judgment of the court. The trial court might have found that the cotton in controversy was purchased by the appellant with money which he borrowed from the Bank of Atkins; that the cotton, therefore, was his cotton, and that, such being the fact, the board of assessors properly assessed the same to him.

The circuit court, in other words, was justified in construing the transaction as a loan of money from the Bank of Atkins to the appellant; that appellant used the money so borrowed from the bank in the purchase of cotton for himself and not for the E. A. Darr estate. The testimony of the appellant as well as the testimony of the president and cashier of the Bank of Atkins warranted the court in so finding.

There being substantial evidence to sustain the finding of the trial court, its judgment based upon such finding is correct.

Affirmed.